UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| | **ORDER** |
| | 18-cv-3472 (SJF)(SIL) |
| | 18-cv-3473 (DRH)(SIL) |
| | 18-cv-3474 (SJF)(SIL) |
| | 18-cv-3476 (JMA)(SIL) |
| | 18-cv-3477 (DRH)(SIL) |
| | 18-cv-3478 (ADS)(SIL) |
| | 18-cv-3479 (ADS)(SIL) |
| | 18-cv-3480 (ADS)(SIL) |
| | 18-cv-3483 (SJF)(SIL) |
| | 18-cv-3485 (ADS)(SIL) |
| IN RE STRIKE 3 HOLDINGS, LLC | 18-cv-3487 (SJF)(SIL) |
| ADULT FILM COPYRIGHT | 18-cv-3489 (DRH)(SIL) |
| INFRINGEMENT CASES | 18-cv-4473 (SJF)(SIL) |
| | 18-cv-4474 (JMA)(SIL) |
| | 18-cv-4475 (JFB)(SIL) |
| | 18-cv-4476 (JMA)(SIL) |
| | 18-cv-4478 (DRH)(SIL) |
| | 18-cv-4480 (JFB)(SIL) |
| | 18-cv-4481 (DRH)(SIL) |
| | 18-cv-4482 (SJF)(SIL) |
| | 18-cv-4483 (DRH)(SIL) |
| | 18-cv-4484 (JFB)(SIL) |
| | 18-cv-4485 (ADS)(SIL) |
| | 18-cv-4486 (SJF)(SIL) |

----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

These copyright infringement actions were commenced by Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3") against various unnamed defendants (the "Doe Defendant(s)"), who have as yet only been identified by the Internet Protocol ("IP") addresses allegedly associated with them. Presently before the Court in each such case is a motion for expedited discovery under Rule 26(d)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), seeking permission to serve subpoenas upon

1

various Internet Service Providers ("ISPs") to obtain the true identity of each Doe Defendant.

On September 28, 2015, a Doe Defendant in the action styled *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL) filed a motion to quash a subpoena Malibu Media served on that Doe Defendant's ISP that is analogous to the subpoenas Strike 3 currently seeks leave to serve in the above-referenced cases. *Compare, e.g.*, Doe Defendant's Motion to Quash Subpoena, *Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), DE [10], *with* MOTION for Leave to File/Serve a Third Party Subpoena Prior to Rule 26(f) Conference, *Strike 3 Holdings, LLC v. John Doe*, No. 18-cv-3472 (SJF)(SIL), DE [6]. In *Malibu Media*, this Court concluded that good cause existed to allow for the expedited discovery provided for in the Discovery Order entered in that matter on July 29, 2015 (the "*Malibu Media* Discovery Order"). *See Malibu Media, LLC v. John Doe*, No. 15-cv-3504 (JFB)(SIL), DE [9] (*Malibu Media* Discovery Order); *Malibu Media, LLC v. Doe*, No. 15-cv-3504, 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016) (decision on the Doe Defendant's motion to quash). Thereafter, in a series of cases (the "Prior Strike 3 Matters") in which Strike 3 asserted claims that are virtually identical to those asserted in each of the above-captioned actions, this Court entered an Order on April 9, 2018 likewise permitting expedited discovery pursuant to nearly the same terms set forth in the *Malibu Media* Discovery Order. *See In re Strike 3 Holdings, LLC*, No. 17-cv-5630, 2018 WL 1710172 (E.D.N.Y. Apr. 9, 2018) (citing *Malibu Media*, 2016 WL 4444799).

Here, because the factual circumstances, legal issues, and materials submitted in support of Strike 3's current motions are substantially similar to those in the Prior Strike 3 Matters, the Court incorporates into this Order the reasoning set forth in *Malibu Media, LLC v. Doe*, No. 15-cv-3504, 2016 WL 4444799 (E.D.N.Y. Aug. 23, 2016) and *In re Strike 3 Holdings, LLC*, No. 17-cv-5630, 2018 WL 1710172 (E.D.N.Y. Apr. 9, 2018), and thus concludes that good cause exists to allow for the expedited discovery sought by Strike 3. Accordingly:

**IT IS ORDERED** that Strike 3 may immediately serve a subpoena in compliance with Fed. R. Civ. P. 45 (the "Subpoena(s)") on the ISP specifically identified in the Complaint in each above-captioned matter, to obtain **only** the name and address of the internet subscriber(s) associated with the IP address also identified therein. Under no circumstances is Strike 3 permitted to seek or obtain any Doe Defendant's phone number or email address, or to seek or obtain information about potential defendants other than those whose IP address is specifically identified in each Complaint, without a further Court order. Each such Subpoena shall have a copy of this Order attached; and

**IT IS FURTHER ORDERED** that, upon receiving a Subpoena, the ISP shall use reasonable efforts to identify the internet subscriber(s) associated with the referenced IP address, but **shall not** immediately disclose such information to Strike 3. Rather, within 60 days of receiving a Subpoena, the ISP shall serve a copy thereof, together with a copy of this Order, upon the subscriber(s) it determines to be associated with the implicated IP address. This measure is appropriate to place the subscriber(s) on fair notice of Strike 3's efforts to obtain his or her identifying information, and his or her right to contest the Subpoena or litigate it anonymously. In this regard, service by the ISPs upon any of the Doe Defendants may be made using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that a Doe Defendant who receives a copy of the Subpoena and this Order will have a period of 60 days to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the Subpoena), as well as any request to litigate the Subpoena anonymously. **The ISP may not disclose any Doe Defendant's identifying information to Strike 3,**

**or its employees or agents, at any time before the expiration of this 60-day period.** Additionally, if a Doe Defendant or ISP files a motion to quash the Subpoena, the ISP **may not** turn over any information to Strike 3, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing the ISP to resume in turning over the requested discovery; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe Defendant may contest or otherwise move with respect to a Subpoena lapses without such action, the ISP will have a period of ten days to produce the information responsive to the Subpoena to Strike 3 or file its own motion to quash if it so chooses. In the event a Doe Defendant or ISP moves to quash or modify a Subpoena, or to proceed anonymously, he or she shall at the same time as his or her filing also notify the ISP so that the ISP is on notice not to release the Doe Defendant's contact information to Strike 3, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that an ISP receiving a Subpoena shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein. If an ISP elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to the Subpoena may be used by Strike 3 solely for the purpose of protecting its rights as set forth in each Complaint; and

**IT IS FURTHER ORDERED** that until such further Order of the Court, each case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the Subpoena.

Dated:    Central Islip, New York
            October 12, 2018    **SO ORDERED:**

                                      <u>s/ Steven I. Locke</u>
                                      STEVEN I. LOCKE
                                      United States Magistrate Judge